UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIANCE MARINE SERVICES, LP | CIVIL ACTION |
| v. | NO. 17-8124 |
| GARY YOUMAN | SECTION "F" |

ORDER AND REASONS

Before the Court is Alliance Marine Services, LP's motion to clarify or amend scheduling order. For the reasons that follow, the motion is GRANTED.

**Background**

This lawsuit arises from a seaman's claim that he injured his lower back during a rescue drill operation.

The alleged injury happened while Gary Youman was employed by Alliance Marine Services, LP as a Jones Act seaman aboard a vessel owned and operated by SBM Stones Operations, LLC. Youman first sued AMS and SBM alleging Jones Act and general maritime law claims in this Court on October 20, 2016. Four days later, he dismissed the lawsuit without prejudice. Youman then sued the same defendants in state court in Baton Rouge; when SBM prevailed on its motion to dismiss for improper venue, Youman moved to stay the state court action due to the possibility of incomplete relief in the state court proceeding. The stay was granted.

1

Meanwhile, AMS filed this lawsuit in this Court, seeking a declaration that AMS is not liable for Youman's accident and does not owe Youman maintenance and cure. Youman answered, counter-claimed (alleging Jones Act negligence and maintenance and cure claims), and then filed a third-party complaint against SBM (alleging the same maritime claims he previously advanced). On November 30, 2017, the Court issued a scheduling order, selecting July 23, 2018 for the pretrial conference and August 13, 2018 for the jury trial date. The scheduling order requires the plaintiff to submit to defendant written expert reports 91 days prior to the pretrial conference, and requires the defendant to provide the plaintiff written expert reports 63 days prior to the pretrial conference.

AMS now moves to amend the scheduling order; although it is the declaratory judgment action plaintiff, AMS requests that it be considered a "defendant" and Youman the "plaintiff" for the purposes of the scheduling order's deadlines for exchanging expert reports.

I.

AMS moves the Court to amend the scheduling order's expert report deadlines so that AMS and SBM may jointly submit defense expert reports in response to any expert reports Youman offers. In other words, AMS seeks to revert the expert exchange deadlines

to reflect the posture of Youman's prior lawsuits and the fact that Youman alone seeks money damages from AMS and SBM. Requiring Youman to submit his expert report first, as if he is the plaintiff, AMS contends, comports with the substantive reality of this lawsuit in which Youman is the only party seeking money damages for personal injuries he says were caused by AMS and SBM. Moreover, AMS contends, it and SBM will jointly retain certain experts related to Youman's damages, including an IME physician and economist, but they will only offer a vocational rehabilitation expert and life care planner, if necessary, to rebut whatever experts Youman proffers. Finally, the present procedural posture of this declaratory case calls for different expert submission deadlines for AMS and SBM, despite their joint defense plan regarding expert reports and despite the fact that both are defending money damage claims by Youman; altering the scheduling order would align their deadlines for expert reports, which will be jointly submitted to defend Youman's substantive claims.

Under the circumstances, the Court is persuaded that good cause exists to amend the scheduling order to direct that Youman shall submit any expert reports by the plaintiff's deadline, and AMS and SBM shall submit any expert reports by the defendant's deadline. AMS offers reasonable grounds for the minor change to the scheduling order, and no party will be prejudiced by the

change, which essentially restores expert exchange deadlines to the status quo in Jones Act cases.[1] Youman's arguments advanced in opposition to the change elevate form over substance; in fact, he offers no substantive reason, nor any suggestion of prejudice, that would undermine AMS's arguments in favor of altering the scheduling order in this limited fashion.

Accordingly, IT IS ORDERED: that AMS's motion to amend the scheduling order is hereby GRANTED. The scheduling order is amended to direct that Youman must submit to AMS/SBM any expert reports by the "plaintiff's" deadline (91 days prior to the pretrial conference), and AMS/SBM must submit to Youman any expert reports by "defendant's" deadline (63 days prior to the pretrial conference).

New Orleans, Louisiana, March 28, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, staggering the expert report production in this fashion, requiring Youman to first produce his expert reports to AMS and SBM, comports with the burden of proof, which is clearly contemplated by Federal Rule of Civil Procedure 26(a)(2), as the comments logically indicate: "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue."

4