UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIANCE MARINE SERVICES, LP | CIVIL ACTION |
| v. | NO. 17-8124 |
| GARY YOUMAN | SECTION "F" |

## ORDER AND REASONS

Before the Court is Gary Youman's motion for review of the Magistrate Judge's August 15, 2018 Order granting Alliance Marine Services, LP's motion to compel an independent psychiatric examination. For the following reasons, the motion is DENIED.

**Background**

Gary Youman was employed at Alliance Marine Services, LP ("AMS") as a seaman aboard the FPSO Turritella beginning in 2015. On July 29, 2016, Youman allegedly sustained back injuries during a Fast Rescue Craft ("FRC") drill, when the coxswain of the FRC gave winch retrieval orders before the crew aboard the FRC was prepared for the retrieval. The retrieval order caused the FRC to jerk, causing Youman to lose his balance and injure his back against a seat. Youman then filed a complaint under the Jones Act for his back injury. As part of the complaint, Youman seeks damages for loss of enjoyment of life and mental anguish.

1

During the discovery process, AMS learned that two years before the alleged accident, Youman was taken by ambulance to River Point Behavioral Center in Jacksonville, Florida, where he received medical treatment and was diagnosed for "major depressive order, recurrent, severe intensity without psychosis." The treating physician advised Youman to enroll in Point River's outpatient program for further treatment, however, it is unknown whether Youman did. The discharge diagnosis also noted that Youman suffered from panic disorder with agoraphobia, alcohol abuse, and interpersonal stressors, financial stressors, and a limited social support system.

On July 24, 2018, AMS filed its motion before the Magistrate Judge to compel an independent psychiatric examination under FRCP Rule 35. Under Rule 35, the Magistrate Judge applied a two-part test: First, the physical or mental state of the party must be in controversy. Second, the movant must show "good cause" as to why the motion should be granted. Finding that each prong was satisfied, the Magistrate Judge ordered that Youman submit to a psychiatric examination. The Magistrate Judge gave the following instructions concerning the psychiatric exam: First, the examination will consist of an oral interview. Second, the examination is not to be attended by third persons or videotaped. Third, there must be a time limit on the examination. Last, the

defendant is expected to fill out paperwork concerning his symptoms and medical history. The examination is currently scheduled for September 26, 2018. On August 29, 2018, Youman filed a motion to assert objection to the Magistrate's order granting AMS' motion to compel.

I.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may appeal the ruling of the magistrate judge to the district judge. A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 363(b)(1)(A). If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

II.

Magistrate Judge North declined to issue an Order and Reasons, and instead issued an oral order followed by a minute entry, which

stated "Based on all the facts and circumstances that are reflected in the record – and I mean not just the motion papers with this motion, but also with regard to the motion to continue, which I've looked at, along with the exhibits, I think that all of the circumstances taken together establish that there's good cause for the [Independent Medical Examination]."

Youman seeks review under Rule 72(a) on the grounds that the Magistrate's order granting AMS's motion to compel a psychiatric evaluation constituted clear error and was an abuse of discretion. Youman contends that AMS has failed to show good cause, given that a psychiatric examination, conducted over four years after his treatment for depression, would not be of assistance to the Court. He adds that at the time of the alleged accident he was not seeking medical treatment for mental health issues, and that his case is therefore distinguishable from the facts in Smith v. Diamond Offshore Company,- a case cited by the Magistrate Judge, and where an independent psychiatric examination was ultimately ordered. No. 07-3954, 2009 WL 1107717, at *3 (E.D. La. Apr. 22, 2009).

AMS counters that it is uncontested that Youman's mental health is in controversy, and that recent mental health treatment and diagnoses of major depressive disorder and panic disorder with agoraphobia satisfy the good cause requirement such that

4

Magistrate Judge North did not err in granting AMS' motion to compel. The Court agrees.

Generally, discovery rules are "accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." Smith v. Diamond Offshore Co., No. 07-3954, 2009 WL 1107717, at *3 (E.D. La. Apr. 22, 2009)(citing Hebert v. Lando, 441 U.S. 153, 176 (1979)). Under Rule 35, a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. FED.R.CIV.P. 35(a). The Court has authority to issue such an order "on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made. Id. Thus, there is a two-part test for determining whether the motion will be granted: First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. Smith, 2009 WL 1107717, at *3 (E.D. La. Apr. 22, 2009) (citing Schlagenhauf v. Holder, 379 U.S. 104, 106 (1964)).

A movant demonstrates "good cause" by offering specific facts that show the need for the information sought and lack of means for obtaining it elsewhere. Id. In a negligence action, a plaintiff

"who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id.

Youman has failed to demonstrate that the Magistrate Judge erred in granting AMS' motion to compel an independent psychiatric examination. First, it is undisputed that Youman has placed his mental state in controversy because he contends he has suffered mental anguish as a result of the alleged accident. Second, as the court in Smith noted, when a party has placed a mental injury into controversy, the opposing party has good cause to determine if the injury exists and to what extent. Id.  The Magistrate Judge was not unreasonable in determining that Youman, who seeks damages related to his mental health, has provided AMS with good cause to ask the Court for a mental examination. It is not unreasonable to conclude that AMS has demonstrated good cause in light of Youman's previous treatment for depression and other mental health issues only two years before the alleged accident. The Magistrate Judge was not unreasonable to find that, although Youman was not seeking medical treatment at the time of the accident, thus distinguishing this case from Smith, the legal test is clear and good cause was shown.

6

Accordingly, IT IS ORDERED: that Youman's motion to review the Magistrate Judge's August 15th Order granting the motion of AMS to compel an independent psychiatric examination is DENIED. Youman's request for reasonable costs, expenses, and attorney's fees necessitated by the filing of his motion is also DENIED.

New Orleans, Louisiana, September 19, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE